In the Matter of NATHANIEL L. GOLDSTEIN, as Attorney-General of the State of New York, Petitioner.

CHILDREN'S AID SOCIETY et al., Respondents.

Supreme Court, Special Term, New York County, February 6, 1946.

*Nathaniel L. Goldstein, Attorney-General* (*Herbert A. Einhorn, Corning G. McKennee* and *P. Hodges Combier* of counsel), petitioner in person.

*George N. Whittlesey* for Children's Aid Society, respondent.

*De Forest & Elder* for Community Service Society and G. W. F. Realty Company, Inc., respondents.

*George A. Roland* for Ronor Realty Corporation, respondent.

McLaughlin, J.   The Attorney-General moves for an order compelling the Children's Aid Society, the Community Service Society and/or the G. W. F. Realty Company, Inc., to obtain an order under section 113 of the Real Property Law approving the sale of certain real property.

It appears that the contract of sale has been made by a realty corporation, the stock of which is wholly owned by the respondent charitable corporations, partly as the result of an inheritance and partly by purchase.   The Attorney-General's contention in the final analysis is that the realty corporation is the creature of the charitable corporations and that the corporate veil should be pierced and the charitable corporations directed to proceed under the aforesaid section of the Real Property Law.   The charitable corporations in opposition urge that court approval is not necessary.   They contend first that the selling corporation is an ordinary business corporation which requires no court consent to a sale of its assets.   Further, it is urged that under section 113 of the Real Property Law there is no restriction placed upon sales of real property by charitable trusts or corporations.   Without passing upon the question of the necessity for court approval of the sale of realty held by charitable trustees or corporations, the court holds that there is nothing in the statute which requires the consent of this court to the sale of realty held by corporations whose stock is wholly or partially owned by charitable trustees or corporations. Corporations are distinct entities.   It is quite a universal doctrine that fraud vitiates everything and the corporate entities are helpless in avoiding the searching decrees of a court of equity when fraud has been established.   On the other hand, and in particular in this State, the courts recognize that the corporate entity may not be disregarded merely because it would be the more equitable thing to do in a private litigation.   (Berkey v. Third Avenue Railway Co., 244 N. Y. 84; Lowendahl v. Baltimore & Ohio R. R. Co., 247 App. Div. 144.)   Neither the statute nor the common law of this State requires that permission of the court to sell the real property be first obtained under the circumstances which are present here.

The Attorney-General's position is a laudable one but to adopt it would result in judicial legislation.   If it is to become the policy of the State to have sales such as this made only on court approval, the Legislature should so direct.

In denying the application the court does not approve or disapprove of the use of wholly owned corporations by charitable trustees or corporations as a means of holding title to property

owned entirely by any one charity or in common by groups of charities. The court has not considered nor does it pass upon the wisdom or advisability of the proposed sale nor on the policy of having officers of real estate corporations sitting on the boards of charitable institutions while acting at the same time as brokers in the sale of real property held by such institutions directly or indirectly.

All the court determines here is that there is no law requiring judicial approval of sales such as this.

Motion is denied.